IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| **MICHAEL JOHNSON,** individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br>**v.**<br><br>**NO LIMIT INVESTIGATIVE AND SECURITY SERVICES, LLC and ROBERT FORD, individually,**<br><br>Defendants. | Case No. _____<br><br>**Collective Action Complaint**<br><br>**Jury Demand** |

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MICHAEL JOHNSON, ("Plaintiff"), individually and on behalf of all other similarly situated persons, sues the Defendants, NO LIMIT INVESTIGATIVE AND SECURITY SERVICES, LLC. (hereinafter "the Company"), and ROBERT FORD, individually for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. as a result of unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

**General Allegations**

1. Plaintiff, MICHAEL JOHNSON, was an employee who worked for the Company from approximately March 2018 to March 2023 in Fayette County,

Georgia.

2. Plaintiff worked for the Company as an hourly paid employee at an hourly rate of $19.50 per hour, working most recently in the position of a supervisor.

3. At all times material to this cause of action the Company is an enterprise subject to the FLSA.

4. At all times material to this cause of action, Plaintiff was a non-exempt employee and therefore entitled to overtimes wages for any and all overtime hours worked.

5. The Company is a Georgia Corporation that operates and conducts business in Fayette County, Georgia and is therefore within the jurisdiction of this Court.

6. The Company operates as an investigation and security business service in Fayette County, Georgia. The Company is a premier investigation and asset protection business and offers professional investigation and security services to the public. *See* https://www.nolimitinv.com/.

7. During Plaintiff's employment, the Company earned more than $500,000.00 per year in gross sales.

8. During Plaintiff's employment, the Company, employed at least two

employees who were engaged in interstate commerce and/or handled goods, materials and supplies which travelled in interstate commerce, including but not limited to telephones, computers, office equipment and supplies, security equipment and products, and other items which had travelled in interstate commerce.

9. Therefore, at all material times relevant to this action the Company was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

10. At all times relevant to this action, Defendant, ROBERT FORD, was an individual resident of the State of Georgia, who owned and/or operated the Company, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees, and (c) control the finances and operations of the Company.

### Jurisdiction and Venue:

11. The FLSA authorizes court actions by private parties to recover damages for violations of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

12. Venue in this District is proper under 28 U.S.C. § 1391 because a substantial party of the events or omissions giving rise to the claim occurred in this

District.

## Factual Allegations

13. Plaintiff, MICHAEL JOHNSON, was an employee who worked at the Company within the last five years in Fayette County, Georgia.

14. At all times material to this cause of action, Plaintiff, was a non-exempt employee.

15. Plaintiff worked for the Company as an hourly paid employee.

16. Plaintiff worked as a supervisor for the Company.

17. All other similarly situated persons were hourly paid, non-exempt employees.

18. Plaintiff worked over forty (40) hours per week on a regular basis – frequently working as many, or more than 50-60 hours per week.

19. Other similarly situated persons also worked overtime hours for the Company.

20. However, when Plaintiff and the other similarly situated persons worked overtime hours, they were paid their straight hourly wage instead of time and one-half their hourly wage. Attached as *Exhibit A* is an example of Plaintiff's pay stub showing straight time being paid for hours worked in excess of forty (40) hours per week.

21. As a result of the improper common policies and practices, the Company failed to properly pay Plaintiff and all other similarly situated persons for all hours worked in excess of forty (40) within a work week at the proper overtime rate.

22. The Company violated the FLSA by failing to pay Plaintiff and other similarly situated persons proper overtime compensation at a rate of time-and-one half the regular rate of pay for all hours worked over forty (40) in a week.

23. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

24. Plaintiff has hired the below law firm and is obligated to pay them a reasonable fee if successful in this litigation.

25. All conditions precedent to this action have been performed or waived.

<b><u>COLLECTIVE ACTION ALLEGATIONS</u></b>

26. Plaintiff brings this FLSA claims as an "opt-in" collective action on behalf of similarly situated persons pursuant to 29 U.S.C. § 216(b).

27. The collective is defined as follows: "All hourly paid employees who worked for the Company, at any time during the three-year period preceding the

filing of this Complaint to the present, and who were paid straight time for overtime."

28.     The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

29.     Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' failure to pay overtime compensation at time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

30.     The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential collective members may be notified of the pendency of this action via mail and electronic means.

31.     Plaintiff and all of Defendant's employees are similarly situated in that:

    a. They have worked as employees for Defendants;

    b. They were all compensated in the same manner, i.e. Defendant paying by the hour;

    c. They were all paid their regular straight hourly wage for all hours worked regardless of how many overtime hours were worked in the workweek; and

      d. They were all entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week applicable under the FLSA.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

32. Plaintiff reincorporates and readopts all allegations contained within Paragraphs one (1) through thirty-one (31) above as though stated fully herein.

33. Plaintiff and the other similarly situated persons were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

34. During their employment with the Company, Plaintiff and other similarly situated persons were not paid complete overtime compensation for all overtime hours worked in violation of the FLSA.

35. Specifically, Plaintiff and other similarly situated persons were paid their regular straight hourly wage for all hours worked regardless of how many overtime hours were worked in the workweek. *See* Exhibit A.

36. The Company has failed to provide accurate "time and one-half" premium overtime compensation for numerous pay periods to Plaintiff and other similarly situated persons.

37. The Company did not have a good faith basis for its failure to pay

Plaintiff and other similarly situated persons full overtime compensation for each hour worked in excess of forty (40) per work week.

38. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff and other similarly situated persons time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff and the other similarly situated persons have suffered damages plus incurring reasonable attorneys' fees and costs.

39. As a result of Defendant's willful violation of the FLSA, Plaintiff and other similarly situated persons are entitled to liquidated damages.

40. Plaintiff and other similarly situated persons demand a trial by jury.

WHEREFORE, Plaintiff, MICHAEL JOHNSON, on behalf of himself and those similarly situated, demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked for which Defendants did not properly compensate, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## Jury Demand

Plaintiffs demand a trial by jury on all issues so triable.

Dated this 8th day of March 2024.

        **/s/ C. RYAN MORGAN**
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave, 15th Floor
Orlando, FL 32801
T: (407) 420-1414
F: (407) 245-3401
E:  RMorgan@forthepeople.com
*Attorney for Plaintiff*