IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| MICHAEL JOHNSON, individually and on behalf of similarly situated persons,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>NO LIMIT INVESTIGATIVE AND SECURITY SERVICES, LLC and ROBERT FORD, individually,<br><br>　　　　　　Defendants. | Case No. 3:24-cv-00046-TCB<br><br>Collective Action Complaint<br><br>Jury Demand |

### JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, MICHAEL JOHNSON, by and through his undersigned attorneys, (the "Plaintiffs"), and Defendants, **NO LIMIT INVESTIGATIVE AND SECURITY SERVICES, LLC and ROBERT FORD, individually**, (collectively referred to as the "Defendants") (all parties collectively referred to as the "Parties"), jointly request this Court approve the Parties' settlement of the above-captioned matter under the Fair Labor Standards Act ("FLSA"). The Parties' executed

1

FLSA Settlement Agreement (the "Settlement Agreement") is attached as Exhibit "A."

## I. Legal Principles

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which compromised claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.; see also Schulte, Inc. v. Gangi,* 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances

justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354 (footnote omitted).

If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.*; *see also Williams v. First Nat'l Bank*, 216 U.S. 582, 595 (1910) ("Compromises of disputed claims are favored by the courts."); *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) (noting that the Eleventh Circuit Court of Appeals "favor[s] and

encourage[s] settlements in order to conserve judicial resources."). When asked to review and approve the terms of a settlement, there is a "strong presumption" in favor of approval. *Hamilton v. Frito-Lay, Inc.*, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977), report and recommendation adopted, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007).

Indeed, at least one judge, Judge Gregory A. Presnell, has found that "[i]f the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable [and] [r]arely will the Court be in a position to competently declare that such a settlement is 'unreasonable.'" *Bonetti v. Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1227 (M.D. Fla 2009). Judge Presnell further explained that, where the plaintiff's attorneys' fee is agreed upon separately without regard to the amount paid to the plaintiff, "then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the

4

reasonableness of the fee to be paid to plaintiff's counsel." *Id.* at 1228; *see also Norman v. BPR Brampton, LLC*, 2021 WL 2877601, *5 (S.D. Ga. July 8, 2021) (citing *Bonetti*).

II. <u>**Facts and Settlement Terms are Reasonable.**</u>

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiffs' FLSA claims against the Defendants. The proposed settlement arises out of an action brought by the Plaintiff, against his former employer. During the litigation and settlement of this action, the Plaintiff was represented by experienced counsel.

The Parties agree the instant action involves disputed issues. "FLSA claims typically involve complex mixed questions of fact and law." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 743 (1981). The claims here are no different. Specifically, there are issues as to whether (1) Defendants were obligated to pay and whether they properly paid Plaintiff's overtime compensation for all hours worked, (2) whether Defendants knew or should have known the Plaintiff had worked such hours, (3) whether Ford, the individual defendant, is an

5

employer under the FLSA; and (4) whether liquidated damages are warranted if an FLSA violation occurred. According to Plaintiff's allegations, Plaintiff, Michael Johnson alleges he worked as much as 60 hours per week or more but only paid his straight hourly wage ($19.50/hour) instead of time and one-half his hourly wage. *See* D.E. 1, ¶¶ 18-20. Plaintiff alleges Defendants failed to pay him time and one half for all hours work over forty (40). If Plaintiff completely prevailed on his claims, he claims he would be owed $17,434.27 in wages, before liquidated damages.

In turn, Defendants dispute Plaintiff's claims, and vehemently deny that Plaintiff was not paid time and one half for his overtime hours.

After Defendants were served with Plaintiff's Complaint, they hired an attorney who reached out to Plaintiff's counsel in an effort to voluntarily resolve the matter given Defendants' resources, lack of applicable insurance, potential exposure, and most importantly, the legal expenses that they would incur in defending against Plaintiff's claims, irrespective of the claims' merit. The Parties informally exchanged information and discovery. Ultimately, the Parties reached a mutually

acceptable outcome, subject to this Court's approval: Plaintiff, Michael Johnson is receiving $20,000.00 and separate attorneys' fees and costs paid in the amount of $7,500.00 to Plaintiffs' counsel.

The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and his counsel discussed Plaintiff's alleged unpaid overtime compensation and formulated their own proposed settlement figures, which they forwarded to Defendants' counsel. The Parties then engaged in settlement discussions, based upon their independent calculations, including, without limitation, discussion of Plaintiff's claims for unpaid overtime wages and liquidated damages, on the one hand, and his claim for attorneys' fees on the other. Ultimately, based upon their respective estimates of the Plaintiff's underlying claim and his claim for attorneys' fees and costs, the Parties negotiated a settlement amount for the Plaintiff's FLSA claims and an additional amount for attorneys' fees and costs negotiated separately and without regard to the amount paid to the Plaintiff. The Parties, through their attorneys, voluntarily agreed to the settlement terms. They were all advised and represented by counsel

throughout the litigation and settlement process. The Parties believe this settlement is a fair and reasonable resolution of Plaintiffs' FLSA claims.

### Conclusion

The Parties jointly and respectfully request this Court approve the Settlement Agreement of the Parties, and dismiss the instant action as well as any and all other pending claims between the Parties with prejudice.

Dated this 30th day of December 2024.

| | |
|---|---|
| /s/ C. RYAN MORGAN | /s/ IAN E. SMITH |
| C. Ryan Morgan, Esq. | Ian E. Smith, Esq. |
| Georgia Bar No. 711884 | Georgia Bar No. 661492 |
| Morgan & Morgan, P.A. | SPIRE LAW, LLC |
| 20 N. Orange Ave., 15th Floor | 1230 Peachtree St. NE Ste 1900 |
| P.O. Box 4979 | Atlanta, GA 30309 |
| Orlando, FL 32802-4979 | Telephone: (470) 604-9193 |
| Telephone: (407) 420-1414 | E-mail: ian@spirelawfirm.com, |
| Facsimile: (407) 245-3401 | whitney@spirelawfirm.com |
| Email: rmorgan@forthepeople.com | |
| *Attorneys for Plaintiff(s)* | *Attorneys for Defendants* |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| MICHAEL JOHNSON, individually and on behalf of similarly situated persons,<br><br>                Plaintiff,<br>v.<br><br>NO LIMIT INVESTIGATIVE AND SECURITY SERVICES, LLC and ROBERT FORD, individually,<br><br>                Defendants. | Case No. 3:24-cv-00046-TCB<br><br>Collective Action Complaint<br><br>Jury Demand |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 30, 2024 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                        /s/ C. RYAN MORGAN
                                        C. Ryan Morgan, Esq.